IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. **11-cv-03195-JLK**

**24 HOUR FITNESS, USA, INC., a California corporation d/b/a 24 HOUR FITNESS**,

          Plaintiff,

v.

**BRIAN ABEYTA,**

          Defendant.

---

Civil Action No. **11-cv-3196-JLK**

**24 HOUR FITNESS, USA, INC., a California corporation d/b/a 24 HOUR FITNESS**,

          Plaintiff,

v.

**ERIN ADDESSO,**

          Defendant.

---

Civil Action No. **11-cv-3197-JLK**

**24 HOUR FITNESS, USA, INC., a California corporation d/b/a 24 HOUR FITNESS**,

          Plaintiff,

v.

**OSKAR BERCEDONI,**

          Defendant.

Civil Action No. **11-cv-3199-JLK**

**24 HOUR FITNESS, USA, INC., a California corporation d/b/a 24 HOUR FITNESS**,

Plaintiff,

v.

**AARON BUTLER,**

Defendant.

---------------------------------------------------------------------------------------------------------

Civil Action No. **11-cv-3200-JLK**

**24 HOUR FITNESS, USA, INC., a California corporation d/b/a 24 HOUR FITNESS**,

Plaintiff,

v.

**ERIC CONRY,**

Defendant.

---------------------------------------------------------------------------------------------------------

Civil Action No. **11-cv-3201-JLK**

**24 HOUR FITNESS, USA, INC., a California corporation d/b/a 24 HOUR FITNESS**,

Plaintiff,

v.

**TRAVIS ESTEY,**

Defendant.

Civil Action No. **11-cv-3202-JLK**

**24 HOUR FITNESS, USA, INC., a California corporation d/b/a 24 HOUR FITNESS**,

        Plaintiff,

v.

**IAN LENTZ,**

        Defendant.

---

Civil Action No. **11-cv-3203-JLK**

**24 HOUR FITNESS, USA, INC., a California corporation d/b/a 24 HOUR FITNESS**,

        Plaintiff,

v.

**DAN LINDSTROM,**

        Defendant.

---

Civil Action No. **11-cv-3204-JLK**

**24 HOUR FITNESS, USA, INC., a California corporation d/b/a 24 HOUR FITNESS**,

        Plaintiff,

v.

**CHRISTIE MASONE,**

        Defendant.

Civil Action No. **11-cv-3205-JLK**

**24 HOUR FITNESS, USA, INC., a California corporation d/b/a 24 HOUR FITNESS**,

        Plaintiff,

v.

**JASON McDONALD,**

        Defendant.

---

Civil Action No. **11-cv-3206-JLK**

**24 HOUR FITNESS, USA, INC., a California corporation d/b/a 24 HOUR FITNESS**,

        Plaintiff,

v.

**DUSTIN MOBLEY,**

        Defendant.

---

Civil Action No. **11-cv-3207-JLK**

**24 HOUR FITNESS, USA, INC., a California corporation d/b/a 24 HOUR FITNESS**,

        Plaintiff,

v.

**JOHN PERRY,**

        Defendant.

Civil Action No. **11-cv-3208-JLK**

**24 HOUR FITNESS, USA, INC., a California corporation d/b/a 24 HOUR FITNESS**,

        Plaintiff,

v.

**EMMANUEL MARCHICA,**

        Defendant.

--------------------------------------------------------------------------------------------------------------

Civil Action No. **11-cv-3209-JLK**

**24 HOUR FITNESS, USA, INC., a California corporation d/b/a 24 HOUR FITNESS**,

        Plaintiff,

v.

**MEGAN RODRIGUEZ-HOEPER,**

        Defendant.

--------------------------------------------------------------------------------------------------------------

Civil Action No. **11-cv-3218-JLK**

**24 HOUR FITNESS, USA, INC., a California corporation d/b/a 24 HOUR FITNESS**,

        Plaintiff,

v.

**MARK SCHMUKAL,**

        Defendant.

Civil Action No. **11-cv-3219-JLK**

**24 HOUR FITNESS, USA, INC., a California corporation d/b/a 24 HOUR FITNESS**,

   Plaintiff,

v.

**SARAH SHANAHAN,**

   Defendant.

---

Civil Action No. **11-cv-3221-JLK**

**24 HOUR FITNESS, USA, INC., a California corporation d/b/a 24 HOUR FITNESS**,

   Plaintiff,

v.

**SHANNON SIDWELL,**

   Defendant.

---

Civil Action No. **11-cv-3226-JLK**

**24 HOUR FITNESS, USA, INC., a California corporation d/b/a 24 HOUR FITNESS**,

   Plaintiff,

v.

**LANCE SMITH,**

   Defendant.

Civil Action No. **11-cv-3227-JLK**

**24 HOUR FITNESS, USA, INC., a California corporation d/b/a 24 HOUR FITNESS**,

        Plaintiff,

v.

**MARYBETH VANHORN,**

        Defendant.

---------------------------------------------------------------------------------------------------------------

Civil Action No. **11-cv-3229-JLK**

**24 HOUR FITNESS, USA, INC., a California corporation d/b/a 24 HOUR FITNESS**,

        Plaintiff,

v.

**BRADFORD WILSON,**

        Defendant.

---------------------------------------------------------------------------------------------------------------

Civil Action No. **11-cv-3230-JLK**

**24 HOUR FITNESS, USA, INC., a California corporation d/b/a 24 HOUR FITNESS**,

        Plaintiff,

v.

**JENNIFER YENTES,**

        Defendant.

Civil Action No. **11-cv-3284-JLK**

**24 HOUR FITNESS, USA, INC., a California corporation d/b/a 24 HOUR FITNESS**,

       Plaintiff,

v.

**JOHN KOBBEMAN,**

       Defendant.

---

Civil Action No. **11-cv-3285-JLK**

**24 HOUR FITNESS, USA, INC., a California corporation d/b/a 24 HOUR FITNESS**,

       Plaintiff,

v.

**ROBERT SUREN,**

       Defendant.

---

Civil Action No. **11-cv-3374-JLK**

**24 HOUR FITNESS, USA, INC., a California corporation d/b/a 24 HOUR FITNESS**,

       Plaintiff,

v.

**JACQUELINE BLAZIER,**

       Defendant.

Civil Action No. **11-cv-3375-JLK**

**24 HOUR FITNESS, USA, INC., a California corporation d/b/a 24 HOUR FITNESS**,

    Plaintiff,

v.

**MICHAEL ALAN STONEHOUSE,**

    Defendant.

---

Civil Action No. **12-cv-114-JLK**

**24 HOUR FITNESS, USA, INC., a California corporation d/b/a 24 HOUR FITNESS**,

    Plaintiff,

v.

**MATTHEW POPELKA,**

    Defendant.

---

Civil Action No. **12-cv-115-JLK**

**24 HOUR FITNESS, USA, INC., a California corporation d/b/a 24 HOUR FITNESS**,

    Plaintiff,

v.

**NICHOLE RAE,**

    Defendant.

---

Civil Action No. **12-cv-122-JLK**

**24 HOUR FITNESS, USA, INC., a California corporation d/b/a 24 HOUR FITNESS**,

       Plaintiff,

v.

**KRISTIN HARMAN,**

       Defendant.

MEMORANDUM OPINION AND ORDER

Kane, J.

Before me is Defendants' Motion for reasonable attorney fees pursuant to 28 U.S.C. §1927. I find the arguments contained therein compelling and am persuaded that the conduct engaged in by Plaintiff's counsel warrants awarding Defendants their reasonable attorney fees. I further find that attorney fees in this case are appropriate not only pursuant to 28 U.S.C. §1927, but also according to the bad-faith exception., a common law carve out that similarly flips the American Rule. Accordingly, pursuant to 28 U.S.C. §1927 and this Court's inherent power to award sanctions through judicially created exceptions, Defendants' motion is GRANTED.[1]

BACKGROUND

The controversy underlying these cases is rooted in a 2006 lawsuit alleging that 24 Hour Fitness (24 Hour) denied a subset of its former and current employees overtime payments in violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 et seq. *See Beauperthuy, et al.v.*

---

[1] The "Plaintiff 24 Hour Fitness' Opposition To Defendant's Motion For Order Awarding Attorneys' (sic) Fees Pursuant To 28 USC Section 1927 And Request To Strike For Violation Of Local Rule 7.1(A)" was filed on September 20, 2012 and is therefore untimely and is stricken.

The court is not required to enforce D.C.Colo. L.R. Civ. 7.1A irrespective of the history of the proceedings and the context in which a certificate certifies that compliance would serve no useful purpose.

*24 Hour Fitness USA, Inc.*, Case No. 06-715 SC (N.D. Calif.). It is unnecessary to belabor the procedural history of these proceedings as they have spiraled into a vexatious and protracted malady; suffice it to say that 24 Hour has strenuously resisted efforts to bring this matter to a resolution.

The twenty-eight Defendants filing this motion are all employees or former employees of 24 Hour Fitness and are former opt-in members of a failed collective FLSA action before the Northern District of California. *See Beauperthuy v. 24 Hour Fitness USA, Inc*., 772 F.Supp.2d 1111, 1116-17 (N.D. Cal. 2011). These twenty-eight Defendants come from a larger 273 member strong group of 24 Hour employees who filed individual arbitration actions before Judicial Arbitration and Mediation Services (JAMS) in San Francisco in March 2011. In response to these 273 individual Petitions to Compel Arbitration, 24 Hour's counsel filed 307 Petitions to Compel Arbitration against the same Claimants in twenty-one different District Courts across the country.[2]

Reacting to 24 Hour's unexpected and far-flung filings, Claimants submitted a letter on December 10, 2011 to 24 Hour's counsel requesting that it cease filing duplicative Petitions in District Courts and provided a list of all 273 Claimants who had filed Petitions in the Northern District of California. This letter proved futile, and on December 20, 2011, Defendants moved for a preliminary injunction enjoining 24 Hour from prosecuting and filing further duplicative Petitions against Defendants on the bases of the first-filed-case doctrine and equitable principles. 24 Hour opposed this motion for Preliminary Injunction and moved to transfer the 273 Petitions in the Northern District of California to separate District Courts throughout the country.

At a January 9, 2012 hearing on Defendants' motion, Judge Conti of the Northern District of California stated his intent to appoint a Special Master to make recommendations on all pending

---

[2] While it is somewhat reasonable for 24 Hour to have filed Petitions to Compel Arbitration against former opt-in members from the resulting decertified class in *Beauperthuy* who had not yet pursued action of their own accord, there is no excuse for the re-filing of 273 Petitions to Compel Arbitration that involve identical Claimants. Moreover, for the remaining thirty-four individuals, there is no evidence before this Court suggesting that those parties had refused to arbitrate as required by the Federal Arbitration Act 9 U.S.C.§4.

matters, including where and if the arbitrations would proceed. Not only did 24 Hour agree to the appointment of the Special Master, 24 Hour itself advocated for the appointment of a Special Master, arguing that such "would assist the Court and the parties to effectively and expeditiously move these claims into arbitration, and to resolve some of the procedural issues that the parties have argued about for the past twelve months." Brief for Defendant, Doc. 489 *Beauperthuy v. 24 Hour Fitness USA, Inc.*, 2:12-cv-02038-SAC-KGS, Filed 1/23/12 (N.D. Cal. No. 06-0715)(*internal quotations omitted*). On February 27, 2012 Judge Conti entered an order appointing a Special Master. Order, Doc. 502 *Beauperthuy v. 24 Hour Fitness USA, Inc.*, 2:12-cv-02038-SAC-KGS, Decided 2/27/12 (N.D. Cal. No. 06-0715).

Before Judge Conti had decided the matter, however, and despite having just advocated for the appointment of a Special Master at the January 9, 2012 hearing, 24 Hour made the curious and questionable decision to file three additional cases in the District of Colorado, these filings coming in as late as January 17 and 18, 2012. Defendants were resultantly required to respond substantively to 24 Hour's Colorado filings. In so doing, Defendants presented evidence that the vast majority of other District Courts to have received filings concerning the matter in their jurisdiction while the controversy was still live in California had either dismissed the case, ordered to show cause regarding dismissal, ordered to show cause regarding Rule 11 sanctions, and/or stayed pending the determinations of Judge Conti in response to the recommendation of the Special Master. On July 5, 2012, Judge Conti ordered, per his review of the Special Master report and recommendation, that arbitrations must proceed in the Northern District of California. *Beauperthuy, et al v. 24 Hour Fitness USA, Inc.*, No. 06-07152 (N.D. Cal. July 5, 2012). Nonetheless, 24 Hour continues to maintain its Petitions to Compel Arbitration here in the District of Colorado.

On August 14, 2012, this Court awarded Rule 11 sanctions for nine out of the thirty-nine

cases brought by 24 Hour for failure to effectuate service of process. Although Defendants in this present motion were not a party to those sanctions, their counsel, Mr. Kirkpatrick, was in every instance. In addition to receiving Rule 11 sanctions, Mr. Kirkpatrick was referred to this Court's Committee on Conduct for the egregious nature of his behavior. It was also through Mr. Kirkpatrick that 24 Hour filed the duplicative petitions in Colorado that I here admonish as being vexatious and unnecessary.

Based on the facts above and the analysis below, I am prepared to award sanctions in the form of reasonable attorney fees to the twenty-eight defendants in this motion pursuant to 28 U.S.C. §1927 and also to the bad-faith exception for the unreasonable conduct of 24 Hour's counsel in filing 307 petitions to compel arbitration in twenty-one separate District Courts when it had express knowledge that 273 individual petitions had been previously filed in the Northern District of California to resolve the exact matter. In finding 24 Hour's filings dilatory and unnecessary, I echo the sentiments of multiple Federal Judges in various other districts who have held the same. *See Beauperthuy, et al. v. 24 Hour Fitness USA, Inc.*, No. 06-0715 *24 (N.D. Cal. July 5, 2012)("24 Hour has consistently exercised its considerable ingenuity to dilate and stall the proceedings") *24 Hour Fitness v. Shafer*, Case No. 3:11-cv-1212-J-37-JBT (M.D. Fla. May 17, 2012)(declining to continue staying the cases as it would be a "waste" of "valuable judicial resources" to monitor these files). I agree with Defendants that 24 Hour has acted with the improper motive of delaying resolution of the issues by means of arbitration and that the conduct of its counsel has been wholly unreasonable. Thus, Defendants are entitled to the award of reasonable attorney fees as sanctions.

**ANALYSIS**

In the United States, it is well-settled that prevailing parties are not entitled to collect attorney fees from the losing parties. *Alyeska Pipeline Svc. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975); *see also Johnson v. City of Tulsa*, 489 F.3d 1089, 1103 (10th Cir. 2007). Congress has carved out exceptions to the "American Rule," however, allowing for the recovery of attorney fees under select statutes granting or protecting various federal rights, such as 28 U.S.C. §1927. *Aleyska* 421 U.S. at 260. The courts too have developed exceptions, including the common fund exception, the willful disobedience of a court order exception, the common benefit exception, and, the one relevant to the instant matter, the bad-faith exception. *Alyeska*, 421 U.S. at 257–59; *see also Aguinaga v. United Food & Commercial Workers Int'l Union*, 993 F.2d 1480, 81 (10th Cir.1993). Both the statutory mechanism for awarding sanctions under 28 U.S.C. §1927 and the common law exception of awarding attorney fees pursuant to the bad-faith exception are discussed below, and I conclude that Defendants are entitled an award of reasonable attorney fees pursuant to each.

**28 U.S. §1927**

A court may award attorney fees under 28 U.S.C. §1927 when, "an attorney … multiplies the proceedings in any case unreasonably and vexatiously." 28 U.S.C. §1927 (1980). This is an "extreme standard" and "a court should make such an award only in instances evidencing a serious and standard disregard for the orderly process of justice." *Aerotech, Inc. v. Estes,* 110 F.3d 1523, 1528 (10th Cir. 1997). The aim of §1927 is to ensure that attorneys "regularly re-evaluate the merits of their claims and avoid prolonging meritless claims." *Steinert v. Winn Group, Inc.,* 440 F.3d 1214, 1224 (10th Cir. 2006). The Tenth Circuit has held that §1927 does not require a finding of bad faith and that "any conduct, that viewed objectively, manifests either intentional or reckless disregard of

the attorney's duties to the court, is sanctionable." *Hamilton v. Boise Cascade Express,* 519 F.3d 1197, 1202 (10th Cir. 2008).

There is substantial evidence before this Court to find that 24 Hour's counsel multiplied proceedings unreasonably and vexatiously, thus warranting sanctions pursuant to §1927. When 24 Hour learned on December 6, 2011 of the 273 individual Petitions to Compel Arbitration in the Northern District of California, for example, 24 Hour chose not to respond by addressing the merits of those Petitions, but by filing 307 Petitions to Compel Arbitration against the Claimants in twenty-one different District Courts across the country. 24 Hour knew that Claimants' Petitions filed in the Northern District of California could only lead to an order compelling arbitration in that District, yet 24 Hour subsequently filed the 307 competing cases in twenty-one separate District Courts against those very same Claimants.

Moreover, I find 24 Hour's conduct unreasonable and vexatious because when 24 Hour filed the 307 Petitions, it had a motion pending before Judge Conti to transfer the Claimants' 273 individual Petitions to separate District Courts. If 24 Hour had prevailed on its motion, then the 273 cases would have been transferred to non-Northern District of California courts without the necessity of filing 307 competing petitions. In other words, 24 Hour's first chosen strategy to challenge the 273 individual Petitions by filing its motion to transfer did not require the additional filing of the non-Northern District of California cases. The continued maintenance of the 307 Petitions in non-Northern District of California courts serves no purpose other than to cause further delay and constitutes a meritless claim before the court. Thus, the conduct of 24 Hour's counsel, viewed objectively, manifests an intentional disregard of his duties to this Court and thus sanctions are warranted pursuant to 28 U.S.C. §1927.

Additionally, counsel demonstrated an intentional disregard of his duties to the court by

failing to inform the other District Courts about Defendants' earlier filed Petitions to Compel Arbitration in the Northern District of California and the attendant submission to a Special Master there of the issue as to whether and where the arbitrations should take place. This evasive practice not only caused Defendants to incur unnecessary expense, but it also wasted the time and resources of Federal Judges in twenty-one districts.

24 Hour's filing multiple proceedings in an unreasonable and vexatious manner and its decision to continue prosecuting these meritless Petitions to Compel arbitration before this Court warrant sanctions pursuant to 28 U.S.C. §1927.

**Bad-faith Exception**

The bad-faith exception to the "American Rule" permits a court to impose attorney fees as a sanction for bad-faith conduct in the course of litigation. *Righthaven LLC v. Hill,* No. 11-00211, 2011 WL 4018105, at *4 (D. Colo. Sept. 9, 2011). Accordingly, when a party acts in bad faith, vexatiously, wantonly, or for oppressive reasons, a court may award attorney fees to the aggrieved party. *Mt. W. Mines, Inc. v. Cleveland–Cliffs Iron Co.,* 470 F.3d 947, 953–54 (10th Cir.2006)(*quoting Sterling Energy, Ltd. v. Friendly Nat'l Bank,* 744 F.2d 1433, 1435 (10th Cir. 1984)). A court's inherent power to impose sanctions for bad-faith conduct is not displaced by statutorily imposed sanction schemes. *Chambers v. NASCO,* 111 S.Ct. 2123, 2134 (1991). A federal court is not "forbidden to sanction bad-faith conduct by means of the inherent power simply because that conduct could also be sanctioned under the statute or the Rules." *Id.* at 2135-36. The Tenth Circuit standard for the bad-faith exception to apply is that, "there must be clear evidence that the challenged claim is entirely without color and has been asserted wantonly, for purposes of harassment or delay, or for other improper reasons."*Kornfeld v. Kornfeld*, 393 F. App'x 575,579-80 (10th Cir. 2010)(*quoting* F.*T.C. v. Kuykendall*, 466 F.3d 1149, 1152 (10th Cir. 2006). Whether the

bad-faith exception applies turns on the party's subjective bad faith," based on a district court's factual findings." *See Mountain West Mines, Inc. v. Cleveland-Cliff Iron Co.,* 470 F.3d 947, 954 (10ᵗʰ Cir. 2006)("we have insisted that the trial judge make a finding of bad intent or improper motive"); *F.T.C. v. Kuykendall,* 466 F.3d. 1149, 1152 (10th. Cir. 2006).

Based on the facts before me, I find there is substantial evidence that 24 Hour engaged in subjective bad faith conduct. One example of 24 Hour's acting in bad faith is its initial decision to file Petitions to Compel Arbitration before this court and twenty others outside of the Northern District of California. Pursuant to the Federal Arbitration Act (FAA), a jurisdictional pre-requisite to a petition to compel arbitration in Federal Court is a refusal of the other side to arbitrate. 9 U.S.C. §4. Because *Defendants* filed Demands for Arbitration[3] in the Northern District of California in March 2011, nearly a year before 24 Hour filed its petitions to compel arbitration, such a pre-requisite is wholly absent in this case.

Notwithstanding these March 2011 petitions, 24 Hour in its District of Colorado petitions filed on December 8, 2011 through January 18, 20112, falsely asserted that Defendants had refused to arbitrate. It was unreasonable and vexatious for 24 Hour to assert that Defendants had refused to arbitrate when the very same Defendants had themselves already sought the judiciary's assistance in getting 24 Hour to arbitrate. Similarly, Defendants also filed Petitions to Compel Arbitration in the Northern District of California on December 5, 2011, which was again prior to when 24 Hour filed its petitions.

In May 2011, acknowledging the absurdity of 24 Hour's claim that Defendants had refused to arbitrate, District Courts in Arizona, Florida, and Missouri dismissed 24 Hour's Petitions to Compel Arbitration on the ground that respondents had not refused arbitration within the meaning

---

[3] These demands, by virtue of their very existence, clearly express that Defendants desired arbitration. Thus it is a complete *non-sequitur* that after Defendants filed their Demands to Arbitrate in March 2011, 24 Hour alleged that Defendants refused to arbitrate in this case,

of §4 of the FAA. *24 Hour Fitness USA, Inc. v. Yong*, No 11-02426 (Dist. Ariz. May 16, 2011); *24 Hour Fitness USA, Inc. v. Decker,* No. 11-02417 (Dist. Ariz. May 16, 2011); *24 Hour Fitness USA, Inc. v. Conlogue*, No. 11-02416 (Dist. Ariz. May 17, 2011); *24 Hour Fitness USA, Inc. v. DiGuiro,* No. 11-02418 (Dist. Ariz. May 17, 2011); *24 Hour Fitness USA, Inc. v. Shaffer,* No 11-1212 (M.D. Fla. May 16, 2011)("petitions provide no basis for this Court to exercise its jurisdiction"); *24 Hour Fitness USA, Inc. v. Rodifer*, No. 11-1238 (M.D. Fla. May 16, 2011); *24 Hour Fitness USA, Inc., v. Latimer,* No. 11-1261 (Dist. Mo. May 1, 2011)(order to show cause as to why the Petition should not be dismissed). Defendants in this case are similarly situated to those in the above mentioned cases, as they have not refused arbitration, but rather have actively pursued arbitration. Despite the discouraging results it has obtained elsewhere, 24 Hour continues to maintain its meritless Petitions to Compel Arbitration in the District of Colorado.

Furthermore, 24 Hour has consistently responded to Defendants' substantive opposition to its petitions in the twenty one non-Northern District of California District Courts, by motioning this Court to stay the non-Northern District of California cases. This conduct is an egregious demonstration of harassment and dilatory tactics for no other purpose than to cause unnecessary delay and expenses for Defendants. I agree with Defendants' contention that the real impetus behind this file-only-to-stay tactic is to drive up the costs of litigation for Defendants and to engage in dilatory conduct in an effort to avoid resolution of the issues.

**CONCLUSION**

For the above reasons, I find that 24 Hour's counsel has multiplied proceedings unreasonably and vexatiously in violation of 28 U.S.C. §1927 and engaged in bad faith conduct for the purpose of delay. Therefore, pursuant to 28 U.S.C. §1927 and the bad-faith exception, I award Defendants reasonable attorney fees from both 24 Hour and its counsel personally.

Defendants receiving the award shall confer with the paying parties, 24 Hour and its counsel, in an attempt to reach agreement on the amount of the award. If the parties cannot reach agreement, Defendants shall file an itemization of time and services at hourly rates with an affidavit from an independent source/expert attesting to the reasonableness of the time expended and hourly rate. I will hold a hearing if agreement is not reached and the costs of the hearing and witnesses will be added to or subtracted from the award as the circumstances warrant.

Dated: September 24, 2012

BY THE COURT:

*s/John L. Kane*
John L. Kane, Senior Judge
United States District Court